**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4443**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KATHRYN ANN HEMETEK, a/k/a Kathryn Ann Johnson,

Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge. (3:08-cr-00198-1)

Submitted:  July 29, 2010          Decided:  August 26, 2010

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jacqueline A. Hallinan, HALLINAN LAW OFFICES, PLLC, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following discovery by law enforcement of 219 marijuana plants in three separate plots growing in and around her farm, Kathryn Ann Hemetek was charged in a one-count indictment with manufacturing by growing and cultivating 100 or more marijuana plants in violation of 21 U.S.C. § 841(a)(1) (2006). Hemetek was found guilty following a jury trial, and sentenced to sixty months in prison. Hemetek now appeals. For the reasons that follow, we affirm.

On appeal, Hemetek raises three issues. First, she argues that the district court erred in admitting an e-mail found on a computer at the school where she worked, which showed an exchange between her and a website called medicalseeds.com. Hemetek claims that the Government, by using the e-mail, improperly suggested "that because she had bought seeds in the past she was likely to have cultivated the plants, and because of the suspicious circumstances surrounding the discovery of the email, the district court should have suppressed this evidence."

The e-mail thread between Hemetek and the website medicalseeds.com was admitted into evidence pursuant to Fed. R. Evid. 404(b). Rule 404(b) prohibits the use of "evidence of other crimes, wrongs, or acts," where such evidence is used "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, such

evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial." Id. Even if such evidence meets the criteria of Rule 404(b), however, "[t]he danger of unfair prejudice should not . . . substantially outweigh the evidence's probative value," pursuant to Fed. R. Evid. 403. United States v. Branch, 537 F.3d 328, 342 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009).

Accordingly, as we explained in United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997), evidence of "prior bad acts" is admissible under Rules 404(b) and 403 if it meets the following criteria:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

132 F.3d at 997. Additionally, where the district court provides a limiting instruction "explaining the purpose for admitting evidence of prior acts," and the required advance

notice "of the intent to introduce prior act evidence" is provided, the use of such evidence "will not . . . be applied to convict a defendant on the basis of bad character, or to convict him for prior acts, or to try him by ambush." Queen, 132 F.3d at 997. Instead, such evidence will be "probative of elements of the offense in trial." Id. We review the admission of evidence pursuant to Rule 404(b) for abuse of discretion. Branch, 537 F.3d at 341.

The evidence admitted at trial and now challenged by Hemetek is a printout of an e-mail exchange between Hemetek and medicalseeds.com, a website that sells marijuana seeds, in which Hemetek explained that she had placed an order for seeds and that her check had been cashed but that she had not received her order. The printout also contained the subsequent correspondence between Hemetek and the website, indicating Hemetek's displeasure that only two of the twenty seeds she purchased "came up." The Government provided advance notice to Hemetek that it would be introducing the e-mail pursuant to Rule 404(b), and Hemetek had the opportunity to file a motion in limine and to argue before the court why the evidence should not be admitted.

Despite Hemetek's contentions, the e-mail demonstrates that she had previously sought to purchase and plant marijuana seeds, that she had the knowledge and intent to cultivate

4

marijuana, and that she had taken preparatory steps to do so. The e-mail also tends to demonstrate that the presence of marijuana on Hemetek's property was not a mistake or accident, and that she had the motive and opportunity for such cultivation. Thus, the evidence was both relevant to and probative of the charged act of cultivating marijuana, which required that the Government prove that Hemetek did so knowingly and intentionally.

The disputed evidence was reliable because the e-mail came from her personal e-mail account and contained her name, address, and the number of the check she wrote to pay for the order, confirmed with a copy of the check from her bank. Finally, the evidence was not more prejudicial than probative, as it was not inflammatory or offensive, it did not cause confusion, and the court provided a limiting instruction to the jury. Accordingly, we find that the district court did not abuse its discretion in admitting the e-mail pursuant to Rule 404(b).

Hemetek next claims that the district court erred when it denied her motion for acquittal, because "[t]here was absolute [sic] no direct evidence connecting the Appellant with the plants that were cultivated near her farm." She asserts that the court "should have required the [G]overnment to connect this Appellant to those plants and should not have permitted a

5

loose circumstantial case to proceed to verdict."  She claims that without admission of the challenged e-mail, "there would have been no basis on which to find Appellant guilty."

This court reviews "de novo a district court's denial of a motion, made pursuant to Rule 29 of the Federal Rules of Criminal Procedure, for judgment of acquittal."  United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006).  In undertaking such a review, "we are obliged to sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence."  Id. (internal quotation marks omitted).  When determining whether there is substantial evidence in the record, "we view the evidence in the light most favorable to the government and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007); see also Smith, 451 F.3d at 216.  Moreover, when evaluating the sufficiency of the evidence, this court does not "review the credibility of the witnesses and assume[s] that the jury resolved all contradictions in the testimony in favor of the government."  Id.

The record demonstrates that Hemetek's conviction is supported by substantial evidence.  The properly-admitted e-mail

6

demonstrated Hemetek's intent to cultivate marijuana. The e-mail had sufficient indicia of reliability, containing Hemetek's name and address, and reference to a check that was written out to the name given by the website for the purchase of seeds. Moreover, viewed in the light most favorable to the Government, the additional evidence at trial was sufficient to support the conclusion that Hemetek was guilty beyond a reasonable doubt. The testimony at trial showed that a marijuana eradication team aerially spotted multiple marijuana plots on or closely bordering Hemetek's property. When a ground crew received consent to search the property, officers discovered 219 marijuana plants, as confirmed by forensic testing, in three separate plots. These officers also testified that there were well-worn paths leading to the various plots, that the roots of the plants appeared to have been planted in potting soil or fertilizer prior to being placed in the ground, that the plants were arranged in rows, that there were watering containers found in one plot, and that some plants in a plot were found in pots similar to pots found at Hemetek's house. On the basis of the extensive evidence presented by the Government, we hold that the district court did not err in denying Hemetek's motion for acquittal.

Finally, Hemetek argues that she received ineffective assistance of counsel when her counsel "waived the challenge to

admissibility of statements given against her interest by herself and her son" under Rule 404(b).  She also alleges that counsel was ineffective by failing "to object when the [G]overnment's witness Starcher contended he was familiar with [A]ppellant from 'other cases.'"  Hemetek argues that her "prior contentious dealings with Sergeant Starcher should have been the subject of a motion in limine by the defense, and at least, should have been objected to at trial."

"A claim of ineffective assistance of counsel should be raised by a habeas corpus motion under 28 U.S.C. § 2255 in the district court and not on direct appeal, unless it conclusively appears from the record that defense counsel did not provide effective representation."  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (internal quotation marks and alterations omitted).  As the record before us does not meet this test, we decline to consider these allegations on direct appeal.  Hemetek may raise them in a motion pursuant to 28 U.S.C.A § 2255 (West Supp. 2010).

Accordingly, we affirm Hemetek's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

8